Dear Mr. Doggett:
Your correspondence of recent date raises questions familiar to this office and were recently addressed in Attorney General Opinion 96-405. We revisit these issues for your further reference.
Pertinent to your inquiry and the provisions of LSA-R.S.42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The law prohibits the holding of local elective office and full time appointive office, but permits the concurrent holding of local elective office and part time appointive office.
It is important then, to determine whether the appointive office is held on a part-time or full-time basis, as defined in LSA-R.S.42:62:
 (4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
Both the positions of city councilman and justice of the peace constitute local elective office; the position of deputy sheriff is an appointive position, and if held on a full-time basis, the simultaneous holding of either elective office referenced is violate of LSA-R.S. 42:63(D) and is therefore impermissible.
Attorney General Opinion 96-405 reflects an effort to correct and resolve differing opinions issued from this office addressing the appropriate characterization of the position of "deputy sheriff". We concluded, for the reasons expressed in Opinion 96-405, that a deputy sheriff holds appointive office. To the extent that Opinions 90-561, 90-367, 84-858 are inconsistent with this conclusion, they are no longer representative of the most recent statutory interpretation of this office and they are therefore recalled. Opinions 96-319, 96-405, and 93-217 are affirmed herein as correct.
We trust the foregoing is helpful. Again, please refer to Opinion 96-405 as it reflects our final analysis of those issues surrounding the definition of "deputy sheriff" for purposes of dual officeholding.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams